UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
RAUDYS DIAZ-OTANEZ,                                                     :
                                                                        :
                        Plaintiff,                          :
                                                                        :      25-CV-3624 (JMF)
            -v-                                                         :
                                                                        :          ORDER
ONANDI C. BROOKS et al.,                                                :
                                                                        :
                        Defendants.                        :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On May 1, 2025, Defendants filed a Notice of Removal that invoked the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.  *See* ECF No. 1, ¶ 9.  Although Defendants state that "there is complete diversity of citizenship," they merely allege the parties' states of residence, not their states of citizenship.  *Id.* ¶¶ 4, 6.  This is not enough.  *See, e.g.*, *Davis v. Cannick*, No. 14-CV-7571 (SJF) (SIL), 2015 WL 1954491, at *2 (E.D.N.Y. Apr. 29, 2015) ("[A] conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." (internal quotation marks omitted)); *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) ("[A] statement of the parties' residence is insufficient to establish their citizenship."); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . .").

       Accordingly, no later than **May 12, 2025**, Defendants shall file an amended Notice of

Removal properly alleging the *citizenship* of each party to this action. If, by that date, Defendants do not file an amended Notice establishing this Court's subject-matter jurisdiction, the Court will remand this action to the Supreme Court of New York, Bronx County, without further notice to any party.

 Finally, Defendants are directed to, **within two business days of this Order**, serve on Plaintiff a copy of this Order and to file proof of such service on the docket. Counsel for Plaintiff is directed to file a notice of appearance on the docket **within two business days of such service**.

 SO ORDERED.

Dated: May 5, 2025
   New York, New York

                     JESSE M. FURMAN
                     United States District Judge