UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAUDYS DIAZ-OTANEZ,

Plaintiff,

vs

Case No. 1:25-cv-3624

ONANDI C. BROOKS and RYDER TRUCK
RENTAL, INC.

Defendants.

## STIPULATED PROTECTIVE ORDER

The defendants in the above captioned action anticipate that they will disclose information they deem confidential, and accordingly the parties stipulate and agree as follows:

## PROCEEDINGS AND INFORMATION GOVERNED

1.      This Confidentiality Order and any amendments or modifications hereto shall apply to all information, documents, and things subject to disclosure and discovery that are conveyed by any party, including third parties (hereinafter termed "conveying party") to another party (hereinafter termed " receiving party") in the above captioned accident (hereinafter termed "subject accident"), including, without limitation, all portions of transcripts of deposition testimony, exhibits, answers to interrogatories or requests for admission, documents, or things, including any excerpt, index, description, copy, summary or abstract thereof (hereafter "MATERIALS").

2.      "CONFIDENTIAL MATERIALS" are any MATERIALS that (a) contain trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) contain private or confidential personal information, or (c) contain information

received in confidence from third parties, or (d) contain information which the producing party otherwise believes in good faith to be entitled to protection.

3.      Discovery associated with the subject accident may involve disclosure by a third party of its "CONFIDENTIAL" documents, information or things.  It is expressly contemplated and agreed that third party witnesses may invoke all provisions of this Confidentiality Order.

4.      Subject to the terms set forth below, all information produced by the conveying party shall be used by the parties receiving the information for the purposes of preparing for and prosecuting any actions stemming from the subject accident (including appeals).  The information shall not be used for any other purpose.

5.      This Confidentiality Order shall not restrict a party's use of its own materials that it produces in discovery.

## DESIGNATION AND USE OF CONFIDENTIAL MATERIALS

6.      Each party or third person conveying MATERIALS shall mark documents and things produced by it and answers to interrogatories and responses to other discovery demands deemed to be "CONFIDENTIAL" with an appropriate description such as: "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER."

7.      CONFIDENTIAL MATERIALS shall only be made available to: partners, associates, counsel and of counsel, stenographic, clerical and paralegal employees of GREGORY SPEKTOR AND ASSOCIATES, P.C. whose functions require access to matters concerning Plaintiff Raudys Diaz-Otanez pertaining to his above-captioned lawsuit; and (2) experts or consultants retained by said counsel who have executed a written statement under oath with designation to be effected by service of the disclosure on the parties' counsel of record.

8.      If questions put to a witness in a pretrial deposition will disclose information constituting CONFIDENTIAL MATERIALS, or the answer to any question requires such disclosure, or if documents to be used as exhibits during the deposition constitute such materials, counsel may so notify opposing counsel, and the portion of the deposition of such witness containing such material shall be taken in the presence only of persons entitled to access to CONFIDENTIAL MATERIALS under this Confidentiality Order, the witness, the reporter, and representatives of the conveying party.  Deposition transcripts and exhibits may be designated as "CONFIDENTIAL" information either during the course of the deposition or within seven business days after receipt by counsel of the deposition transcript. Any portions of the deposition transcripts containing information constituting CONFIDENTIAL MATERIALS and any documents used as exhibits during the deposition constituting such materials shall be bound separately.  Such deposition transcripts and documents, to the extent that they are or contain CONFIDENTIAL MATERIALS, shall be available only to the persons entitled to access to CONFIDENTIAL MATERIALS under this Confidentiality Order, to the reporter, to the witness, and to representatives of the conveying party.  This paragraph does not require the party conducting the deposition to make prior disclosure of documents that may be used at deposition(s). Notwithstanding the foregoing, this Confidentiality Order does not prohibit the unrestricted use at trial of deposition transcripts or exhibits, including those designated CONFIDENTIAL; such materials may be offered into evidence, read to, or otherwise presented to the jury without limitation.

9.      The parties recognize that in order to assist in the preparation of actions stemming from the subject accident, the receiving party may desire to utilize the service of experts or consultants, whose advice and consultation are being or will be used by such party in connection

with any future litigation.  Counsel desiring to disclose CONFIDENTIAL MATERIALS to such experts or consultants shall first obtain a signed undertaking of each such expert or consultant who may require access to CONFIDENTIAL MATERIALS, in the form of Exhibit "A" attached hereto (the "Expert Confidentiality Pledge"). CONFIDENTIAL MATERIALS may be shown to an expert or consultant after such expert or consultant signs the Expert Confidentiality Pledge.  Any and all signed Expert Confidentiality Pledges shall be maintained by counsel, but need not be produced to opposing counsel absent an Order of Court.  This provision is designed to permit counsel to utilize the services of experts and consultants without first revealing the identity of those experts or consultants to opposing counsel.

10.    All Expert Confidentiality Pledges shall be maintained by the receiving party's counsel.

11.    Absent further order of this Court, CONFIDENTIAL MATERIALS shall not be made public by counsel or persons entitled access to CONFIDENTIAL MATERIALS under this Confidentiality Order, unless they become a part of the public record of this action and shall not be disclosed to anyone other than the Court and the persons entitled access to CONFIDENTIAL MATERIALS under this Confidentiality Order. To the extent it is necessary to file CONFIDENTIAL MATERIALS with the Court in connection with future litigation, ~~documents~~ parties shall request leave to file under seal. ~~shall be filed under seal with the Court, unless the assigned judge or the judge's local rules require or permit a different procedure, in which case the filing shall be made in conformity with the assigned judge's rules.~~

12.    CONFIDENTIAL MATERIALS may be used in motion papers, at any motion hearing, in testimony at trial, and may be offered in evidence at trial or at any motion hearing, all subject to this Confidentiality Order hereof and to any further order regarding confidentiality as

the Court may enter, and may be used to prepare for discovery, to conduct discovery, to prepare for trial, and to support or oppose any motion, all subject to the provisions of this Confidentiality Order.  CONFIDENTIAL MATERIALS may also be used at depositions and may be disclosed to a witness at a deposition or at trial who is an author or copy recipient of a document (or former employee, agent, officer or individual otherwise acting on behalf of the conveying party who is not an author or copy recipient) containing CONFIDENTIAL MATERIALS but is not a person entitled access to CONFIDENTIAL MATERIALS under this Confidentiality Order.

13.    **The parties identified in paragraph 7 above may not use said work product in subsequent or other litigation unrelated to the subject accident, nor share CONFIDENTIAL MATERIALS or any work product containing CONFIDENTIAL MATERIALS with any other attorneys, experts, or entities who may currently or subsequently have other litigation against the parties hereto.**

<u>**CHALLENGES TO CONFIDENTIALITY ORDER**</u>

14.    The acceptance by a party of CONFIDENTIAL MATERIALS shall not constitute an admission or concession or permit an inference that such are, in fact, confidential.  This Confidentiality Order shall not foreclose either of the parties from moving this Court for an order that materials bearing the identifications specified in Confidentiality Order are, in fact, not confidential.  On such motion, the party asserting confidentiality shall have the burden of proving that the material in question is confidential under applicable law.

15.    This Confidentiality Order shall not prevent either of the parties or any third party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing between themselves in writing, to modification of this Confidentiality Order, subject to the approval of the Court.

16.     In the event that the parties desire to provide access to or disseminate CONFIDENTIAL MATERIALS to any person not otherwise entitled to access under this Confidentiality Order, they may move the Court for an Order that such person be given access thereto.

17.     Nothing in this Confidentiality Order shall require disclosure of material which the conveying party contends is protected from disclosure by the attorney-client privilege or the work-product doctrine or of material the disclosure of which might constitute a breach of an agreement with a third party.  This Confidentiality Order shall not preclude any party from moving the Court for an order directing the disclosure of such materials.

18.     Restrictions and obligations set forth herein relating to CONFIDENTIAL MATERIALS and to MATERIALS shall not apply to any information which (i) the conveying party agrees, or the Court rules, is already public knowledge, (ii) the conveying party agrees, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, (iii) was already known to all receiving parties under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another, which knowledge is established by pre-production documentation, or (iv) has come or shall come into the receiving party's legitimate possession independently of the conveying party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another.

**INADVERTENT DISCLOSURE**

19.     If the conveying party inadvertently produces CONFIDENTIAL MATERIALS without the identification as specified in this Confidentiality Order or if any party inadvertently produces CONFIDENTIAL MATERIALS to a person not authorized by this Confidentiality Order

to receive such material, the party making the inadvertent disclosure shall promptly – and in no event later than five (5) business days after such disclosure – notify the person to whom the disclosure was made and shall make reasonable efforts to obtain return of the CONFIDENTIAL MATERIALS.  Upon such notice, all receiving parties shall, within five (5) business days, return or destroy all copies of the inadvertently produced material to the conveying party as is reasonably possible and provide a certification of counsel that all such inadvertently produced material has been returned or destroyed.

20.    If a party inadvertently discloses CONFIDENTIAL MATERIALS in a public filing with the Court (e.g., by way of motion practice), the disclosing party shall promptly send a notification of such inadvertent disclosure to the Court and will thereafter ensure that the Court removes the CONFIDENTIAL MATERIALS from public access and will re-file the materials under seal.

21.    The production of privileged or work-product protected documents, ESI or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in future litigation stemming from the subject accident or in any other federal or state proceeding.  This section shall be interpreted to provide the maximum protection allowed by the applicable FRCP and New York State CPLR provisions.  Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

Dated:  April 16, 2026

**INTENTIONALLY LEFT BLANK**

*\* Continued on next page*

_____

*Dzhamshed B. Mannonov, Esq.*
*Attorneys for Plaintiff*

Dated: ___April 16_____, 2026

/s/ Matthew P. Levy

*Matthew P. Levy, Esq.*
*Attorneys for Defendants*

**SO ORDERED:** _____

**Honorable Jesse M. Furman**
April 17, 2026

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

**EXHIBIT A TO PROTECTIVE ORDER**

**EXPERT CONFIDENTIALITY PLEDGE**

I, _____, declare that:

My present address is _____.

My present employer is _____and the address of my present employer is _____.

My present occupation or job description is _____

_____.

I have received a copy of the Protective Order in this action signed by the Court, and I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order.

I will hold in confidence and will not disclose to anyone not qualified under the Protective Order and will use only for the purposes of this action, any CONFIDENTIAL MATERIALS that are disclosed to me. I will take the appropriate steps and assume full responsibility to assure that any other people, e.g., technical, clerical or secretarial personnel, working for me will abide by the Protective Order.

I will return all CONFIDENTIAL MATERIALS which come into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained when requested to do so by that counsel.

I declare further that I understand that if I violate the provisions of the Protective Order, I may be subject to sanctions by the Court.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

Executed on: _____

_____
(Signature)